RIPPLE, Circuit Judge,
dissenting.
I agree with my colleagues that, under the particular facts and circumstances of this case, the so-called ostrich instruction should not have been given. We always have recognized that this instruction must be employed with great caution to avoid the possibility that a jury might convict a defendant on the basis of negligence rather than actual knowledge. See United States v. Carrillo, 435 F.3d 767, 781 (7th Cir.2006). Accordingly, we have limited the use of the instruction to situations in which the defendant claims a lack of guilty knowledge and the Government produces a factual basis from which the jury might conclude that the defendant deliberately avoided the truth. The court’s measured holding is correct. Under the facts of this case, the jury could not draw the inference that the defendant deliberately avoided the truth. The ostrich instruction was therefore improper. I join the opinion of the court in that limited respect. I note that we do not hold today that the instruction is always inappropriate in a sting operation; indeed, our case law recognizes that, in some circumstances, the instruction may be given in such a situation. See United States v. Wilson, 134 F.3d 855 (7th Cir.1998); United States v. Kaufmann, 985 F.2d 884 (7th Cir.1993).
With great respect for the contrary view of my colleagues, I do not believe that this misstep by the district court constitutes reversible error. The evidence of the defendant’s guilt is strong — very strong. The transcripts of the conversations between Mr. Ciesiolka and “Ashley” gave the jury a very firm basis for concluding that Mr. Ciesiolka believed Ashley was a minor and nevertheless took substantial steps to induce her to engage in sexual activity. Moreover, unlike my colleagues, in assessing the strength of the Government’s case, I am quite comfortable in giving full weight to the circumstantial, but nevertheless substantive, evidence of guilt supplied through the operation of Rule 404(b) of the Federal Rules of Evidence. All of this evidence was both relevant and probative of guilt. My reading of the record leaves me with the firm conviction, moreover, that the district court allowed the jury to consider the Rule 404(b) evidence only after extensive litigation of the issue and after careful judicial consideration.[1]
*360 I cannot concur in my colleagues’ estimation of the district court’s explanation of its weighing of the benefits and burdens of admitting the Rule 404(b) evidence. More precisely, I cannot accept that there is “an absence of any considered explanation” of the Rule 404(b) evidence issue. See Op. at 357. In my view, the district court’s verbal explanation, when combined with its explanation in its post-trial order, provides far more than an ample basis for appellate review. In this respect, I respectfully suggest that my colleagues give far too little weight to the district court’s post-trial ruling. See Op. at 357-58.[2]
The court’s decision today is in fundamental tension with our treatment of this issue in several recent 18 U.S.C. § 2422(b) cases in which, it appears, the explanations of the trial courts in admitting Rule 404(b) evidence were not as extensive as the one provided by the district court here. See *361 United States v. Zahursky, 580 F.3d 515, 523-25 (7th Cir.2009); United States v. Hensley, 574 F.3d 384, 389 (7th Cir.2009). As Zahursky and Hensley explain, in § 2422(b) cases, a transcript of the conversation soliciting the minor is often before the jury; Rule 404(b) evidence is particularly well-suited to prove the defendant’s intent and motive for what he says and does during those conversations.
Finally, it is worth noting, indeed emphasizing, that the district court provided a limiting instruction twice: during the day-long presentation of the evidence and again during the jury charge. These limiting instructions were materially identical to the instructions we approved in Zahursky and Hensley. We presume that the jury followed its instructions, and we should continue to treat Rule 404(b) limiting instructions as sufficient to eliminate any residual prejudice presented by such evidence.
For these reasons, I would affirm the judgment of the district court.

. During pretrial proceedings, the Government filed a notice of intent to use Rule 404(b) evidence at trial, see R.50, and Mr. Ciesiolka opposed the motion, see R.68. On February 25, 2008, the district court held a hearing to consider the motion, whereby the court scrutinized in detail the several pieces of Rule 404(b) evidence. The parties filed additional memoranda on the Rule 404(b) evidence issue, which the district court duly considered. See R.56, R.57, R.68.
Then, on February 26, 2008, before trial commenced, the district court verbally granted the Government’s motion and ruled that the Rule 404(b) evidence would be admitted. The district court stated:
*360 [T]he Court hereby finds admissible the three types of evidence set forth in [the] Government’s 404(b), notice docket entry No. 50. The Government seeks to introduce evidence of defendant engaging in sexual conduct with a minor, SC, child pornography recovered from defendant's computer, and additional chats recovered from defendant’s computer. The Court finds that all of this evidence is, one, directed toward establishing a matter and issue other than defendant’s propensity to commit the crime charged; two, similar enough and close enough in time to be relevant to the matter at issue; three, there is sufficient evidence to support a finding by the jury that the defendant committed the similar acts, meaning the act occurred, and that the defendant was the actor; and, four, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. In this case, the similar acts evidence is probative of motive, intent, absence of mistake and knowledge, and is therefore admissible.
Tr. at 5-6, vol. I, Feb. 26, 2008.
After trial, Mr. Ciesiolka filed a Federal Rule of Criminal Procedure 33 motion for a new trial, whereby he challenged, inter alia, the district court's jury instructions concerning the Rule 404(b) evidence. See R.83. The district court denied the motion, providing additional explication of its ruling admitting the Rule 404(b) evidence, and making clear that further reflection had not altered its estimation of the admissibility of the evidence. See R.91 at 10. The district court stated:
[T]his Court believes that the child pornography found on Ciesiolka's computer was relevant to proving Ciesiolka’s knowledge that "ashleyl2_km” [sic] was a minor and absence of mistake, because it shows that Ciesiolka had knowledge and that he did not mistakenly believe he was chatting with an adult — rather, he intentionally targeted an individual he believed was a minor. As to the repeated rape of Jane Doe, this is also probative of Ciesiolka's knowledge and absence of mistake. In United States v. Sebolt, 460 F.3d 910, 917 (7th Cir.2006), the Seventh Circuit found that ”[p]rior instances of sexual misconduct with a child victim may establish a defendant’s sexual interest in children and thereby serve as evidence of the defendant’s motive to commit a charged offense involving the sexual exploitation of children.” Finally, evidence of additional Internet chats with other purported minors is probative of absence of mistake. It shows that Ciesiolka did not make a mistake in soliciting "ashleyl3_km,” but rather that he had a pattern of targeting minors over the Internet, and that he knowingly solicited and enticed “ashleyl3_km.”

Id.

. It is well-settled that a district court may explain its Rule 404(b) weighing after the Rule 404(b) evidence has been admitted. See United States v. Roe, 210 F.3d 741, 745 (7th Cir.2000) (“The district court's post-trial clarifying order gives us a sufficient basis for appellate review.”); see also United States v. Ulland, 643 F.2d 537, 540 (8th Cir.1981) (affirming the admission of Rule 404(b) evidence based on the district court’s explanation of its weighing articulated in its post-trial order).
The court’s implicit suggestion that the district court must explain its reason for admitting Rule 404(b) evidence prior to its admission is contrary to the case law. See Op. at 357 (citing United States v. Macey, 8 F.3d 462, 467 (7th Cir.1993)). Macey does not purport to lay down any temporal rules.